**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Manuel Collazo** | : | |
| | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | **NO.:** |
| vs. | : | |
| | | |
| **Jackson Cross Partners** | : | |
| | | |
| | : | **PLAINTIFF REQUESTS A TRIAL** |
| | : | **BY JURY** |
| | : | |
| **Defendant** | : | |
| | : | |

---

## COMPLAINT

### I.      PRELIMINARY STATEMENT:

1.   This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees Mercy Fitzgerald Hospital, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.   This action arises under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

### II.     JURISDICTION AND VENUE

3.   The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA, and FMLA.

4.   The Eastern District of Pennsylvania has specific jurisdiction over this matter because the events and occurrences that give rise to Plaintiff's claim occurred in this district.

### III.   PARTIES

5.   The Plaintiff herein is Manuel Collazo, former employee of the Defendant.

6.   The Defendant herein is Jackson Cross Partners.

### IV. ADDITIONAL UNDERLYING FACTS

7.   The Defendant, upon information and belief, employed 15 or more persons when the unlawful conduct alleged in this Complaint occurred.

8.   Defendant employed Plaintiff for approximately six months

9.   At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

10. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and Pennsylvania Common Law

### V.   UNDERLYING FACTS

11. Paragraphs 1 through 10 are incorporated by reference, as if set forth at length.

12. Plaintiff alleges that Defendants, through its agents, servants, and employees, subjected her to discrimination and retaliation violative of the ADA and Pennsylvania common law.

13. Plaintiff alleges that Defendant, through its agents, servants, and employees, failed to engage in the interactive process required to provide a reasonable accommodation for his disability. Defendant discriminated against the Plaintiff because of his disability, perceived disability, and request for a reasonable accommodation. Additionally, Plaintiff alleges he was terminated for seeking workers compensation benefits.

14. Defendant employed Plaintiff for approximately six months.

15. On or about September 10, 2019, Plaintiff was injured while in the course and scope of his employment when he fell in the kitchen, injuring his back and neck.

16. Plaintiff's injuries interfered with one or more major life activities, thus qualifying as a disability.

17. Plaintiff reported the injury immediately, sought medical treatment, and filed a workers compensation claim.

18. As a result of the injury, Plaintiff was put on work restrictions.

19. As a result of the restrictions, Plaintiff could not drive to work.

20. Plaintiff was thus put on paid leave for two weeks.

21. In or around October of 2019, Plaintiff's leave was converted into unpaid leave.

22. At this time, Plaintiff asked to telecommute.

23. Employees of the Defendant were routinely permitted to telecommute.

24. However, Plaintiff was not permitted to telecommute, and Defendant refused to have any discussions into allowing him to telecommute.

25. On or about November 24, 2019, Defendant sent a letter to Plaintiff terminated him.

26. At all relevant times prior to the termination, Plaintiff had done his job well.

27. While he was unable to drive to work, he could have performed the essential functions of his job with the reasonable accommodation of telecommuting.

28. However, Defendant failed to engage in the interactive process with the Plaintiff.

29. Defendant failed to grant the Plaintiff reasonable accommodations.

30. Instead, Plaintiff was terminated.

31. Plaintiff's termination violated the ADA and Pennsylvania Common Law.

## COUNT I

### Discrimination and Retaliation under the Americans with Disabilities Act

32. Paragraphs 1-31 are incorporated herein as if set forth at length.

33. Plaintiff qualified as disabled under ADA because of his injury.

34. Plaintiff requested a reasonable accommodation of remote work, or in the alternative, an unpaid leave of absence.

35. Plaintiff's accommodation of remote work was denied without any engagement of the interactive process.

36. While Plaintiff was granted a period of unpaid leave, he was eventually terminated.

37. Defendant never presented this issue to the Plaintiff, never discussed the return to work date, and never engaged in the interactive process.

38. Instead, Plaintiff was terminated in violation of the ADA.

39. Plaintiff's termination violated the ADA in multiple ways.

40. First, Defendant failed to engage in the interactive process.

41. Second, Defendant failed to offer reasonable accommodation of remote work to the Plaintiff.

42. Third, Plaintiff was terminated because of his disability/perceived disability, in violation of the ADA.

43. Lastly, Plaintiff was terminated for requesting a reasonable accommodation.

44. Defendant, its upper level managers, and supervisors all violated the ADA by terminating the Plaintiff.

## COUNT II

### Wrongful Termination against Public Policy

45. Plaintiff repeats all of the facts and all of the paragraphs numbered 1 through 51 as if stated in their entirety herein.

46.  Plaintiff was entitled to workers compensation benefits under the Pennsylvania Workers Compensation Act.

47. Plaintiff exercised his right to receive workers compensation benefits, and filed a claim for a work related injury.

48. After filing a claim, Plaintiff was denied the right to telecommute even though other employees were able to telecommute.

49. Plaintiff was also terminated without cause.

50. Plaintiff's termination was done in retaliation for exercising his rights under the Pennsylvania Workers Compensation Act.

51. Plaintiff was terminated for pursuing workers compensation benefits and filing a claim.

52. Plaintiff's termination was against public policy, and thus was a wrongful termination under Pennsylvania common law.

53. Defendant, its upper level managers, and supervisors willfully violated the law by terminating the Plaintiff.

**PRAYER FOR RELIEF**

54. Plaintiff incorporates paragraphs 1 through 53 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the

Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and

emoluments of employment to which he would have been entitled had she not been subjected to

unlawful discrimination based on his disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future

pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and

other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney

and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the

discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or

equity, including injunctive relief if the Honorable Court deems said relief appropriate.

**JURY DEMAND**

6

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.